```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANTHONY MACK,                       :

                 Petitioner,        :    13 Civ. 8194 (GHW)(HBP)

     -against-                      :    OPINION
                                         AND ORDER
SUPT. LAVALLEY,                     :

                 Respondent.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights.  By motion dated March 19, 2014 (Docket Item 13), petitioner seeks to have counsel appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  For the reasons set forth below, the motion is denied without prejudice to renewal.

It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such a proceeding is a matter of discretion.  Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v.

United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986); Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001) (K.N. Fox, M.J.). Accordingly, petitioner's application should be analyzed in the same manner as any other application for pro bono counsel in a civil case.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Cooper v. A. Sargenti Co., supra, 877 F.2d at 172; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996) (Batts, D.J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In

deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the Court of Appeals] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success."  Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted).  In Cooper v. A. Sargenti Co., [the Court of Appeals] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Petitioner's application for counsel addresses almost none of the relevant factors.  In response to a question on the form application asking why he needs an attorney, petitioner does not cite any unique reason why he needs counsel.  Petitioner merely expresses his belief that he believes his chances of being successful would be greater if he had counsel.  This assertion is, of course, true in almost all cases.

Petitioner also admits that he has taken no steps to obtain counsel on his own.

3

Most importantly, however, it does not appear at this preliminary stage that the petition has sufficient merit to warrant the appointment of counsel.  Petitioner was convicted of attempted robbery in the second degree as a result of his attempt to rob a taxi driver, and he asserts three claims here:  (1) petitioner was denied a fair trial when the Trial Court refused to instruct the jury that an attempt to evade the taxi fare would not support the charge of attempted robbery; (2) the Trial Court improperly precluded petitioner from introducing evidence of a purportedly exculpatory statement petitioner made at the time of his arrest and (3) petitioner improperly received an enhanced sentence as a persistent violent felony offender based on findings made by the Trial Judge instead of the jury.  Although I need not (and am not) deciding the merits of these claims at this point, it does appear, at least preliminarily, that there are serious issues concerning the validity of these claims.

"For an erroneous state jury charge to result in a federal constitutional deprivation, 'the ailing instruction by itself [must have] so infected the entire trial that the resulting conviction violates due process.'"  Blazic v. Henderson, 900 F.2d 534, 541 (2d Cir. 1990), quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973); see also Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001) ("[I]n order to obtain a writ of habeas corpus in

federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." (internal quotation marks and citations omitted).  It appears unlikely that petitioner will be able to meet this standard.  The evidence offered at trial showed that petitioner held a hard object, which petitioner claimed was a gun, against the victim's neck and stated "you have to give me money now."  The prosecution never argued that the subject of the robbery was the unpaid cab fare.  Although I am not finally deciding the issue at this point, it does not appear that the facts supported the charge that petitioner claims was erroneously omitted.

> Petitioner's second claim -- that the Trial Court improperly precluded him from introducing evidence of an exculpatory statement -- is equally problematic.  Among other things, on petitioner's direct appeal, the Appellate Division of the New York State Supreme Court found that this claim was unpreserved.  People v. Mack, 92 A.D.3d 475, 476, 938 N.Y.S.2d 72, 73 (1st Dep't 2012), leave to appeal denied, 19 N.Y.3d 865, 970 N.E.2d 436, 947 N.Y.S.2d 413 (2012).  Unless petitioner can show cause for and prejudice from his failure to preserve this claim or that

5

he is actually innocent, his failure to preserve this claim will preclude it from serving as a basis for habeas relief.

Petitioner's final claim -- that the Trial Court instead of the jury made the findings of fact that permitted petitioner to be sentenced as a persistent violent felony offender -- also appears to lack merit. I understand this claim to assert that the Trial Court's fact finding violated the holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Numerous habeas petitioners have asserted this claim, and it has been routinely rejected. Kelly v. Lee, No. 11-CV-3903 (CBA), 2014 WL 4699952 at *13 n.12 (E.D.N.Y. Sept. 22, 2014) ("The Court notes that courts in this Circuit routinely reject Apprendi challenges to New York's persistent violent felony offender statute." (collecting cases)). As the passage from Apprendi quoted above demonstrates, that decision does not preclude a court from determining the number and nature of prior convictions, notwithstanding the fact that the prior convictions may be used to enhance a sentence.

Accordingly, for all the foregoing reasons, petitioner's application for the appointment of counsel is denied

without prejudice to renewal. Any renewed application should address the specific factors identified above.

Dated:  New York, New York
        February 4, 2015

                                          SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Anthony Mack
DIN 08-A-1143
Clinton Correctional Facility
156 Route 374
P.O. Box 2001
Dannemora, New York  12929

Lisa E. Fleischmann, Esq.
Joanna Hershey, Esq.
Assistant Attorneys General
State of New York
120 Broadway
New York, New York  10271