```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANTHONY MACK,                          :

                  Petitioner,          :    13 Civ. 8194 (GHW)(HBP)

     -against-                         :    OPINION
                                            AND ORDER
SUPT. LAVALLEY,                        :

                  Respondent.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights. By a motion dated March 11, 2015 (Docket Item 23), petitioner renews his motion for the appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. I denied an earlier motion for the same relief in an Opinion and Order dated February 4, 2015 (Docket Item 22) ("February 4 Order"). For the reasons set forth below, the motion is again denied.

The pertinent legal principles are set forth in my February 4 Order and need not be rehearsed at length here. For present purposes, it is sufficient to note that the factors

relevant to petitioner's application include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits."  Cooper v. A. Sargenti Co., supra, 877 F.2d at 172; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996) (Batts, D.J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).

   Petitioner's renewed application again fails to address the efforts he has made to locate counsel on his own and fails to provide to provide any specifics concerning his ability to present his claims unassisted by counsel.[1]  Nevertheless, the principal reason that his application fails is that he has still failed to demonstrate that his claims have sufficient merit to warrant the appointment of counsel.

   Petitioner was convicted of attempted robbery in the second degree as a result of his attempt to rob a taxi driver.

---

[1] Given petitioner's status as an incarcerated inmate, I shall assume that he lacks the financial resources to retain private counsel.

He asserts three claims:  (1) petitioner was denied a fair trial when the Trial Court refused to instruct the jury that an attempt to evade the taxi fare would not support the charge of attempted robbery; (2) the Trial Court improperly precluded petitioner from introducing evidence of a purportedly exculpatory statement petitioner made at the time of his arrest and (3) petitioner improperly received an enhanced sentence as a persistent violent felony offender based on findings made by the Trial Judge instead of the jury.  Although I need not (and am not) deciding the merits of these claims at this point, it still appears that there are, preliminarily, serious issues concerning the validity of these claims.

"For an erroneous state jury charge to result in a federal constitutional deprivation, 'the ailing instruction by itself [must have] so infected the entire trial that the resulting conviction violates due process.'"  Blazic v. Henderson, 900 F.2d 534, 541 (2d Cir. 1990), quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973); accord Holmes v. Brown, 10-CV-03592 CBA, 2013 WL 6408496 at *8 (E.D.N.Y. Dec. 6, 2013); Neal v. Yelich, 12 Civ. 3022 (JMF), 2012 WL 6097659 at *3  (S.D.N.Y. Dec. 7, 2012).

In his renewed motion, petitioner argues at length that the evidence was insufficient to prove that he intended to rob the cab driver of money, noting in particular that no firearm was

3

ever recovered from the taxi in which he had been a passenger. The record is clear, however, that the cab driver testified that petitioner demanded money while threatening to kill the cab driver; the foregoing demand was made while petitioner held a hard object against the driver's neck which the driver believed to be a gun.  Given this testimony, the lack of any suggestion by the prosecution that an attempt to evade the fare could constitute attempted robbery and the Trial Court's clear instruction that in order to convict defendant of attempted robbery, the jury had to find that defendant "attempted to steal property, to wit, cash," it remains unlikely that petitioner will be able to demonstrate that the Trial Court's charge "so infected the entire trial that the resulting conviction violates due process."

In his renewed motion, petitioner cites two sentences from the prosecution's summation in which he claims the prosecution suggested that fare evasion could constitute robbery. Petitioner relies on the following sentences in his renewed application:  "'I submit to you that petitioner did a little bit of both.  It was either going to be a theft of service, which would be riding without paying the fare or a robbery from the beginning, either way it became a robbery" (Petitioner's Renewed Motion for the Appointment of Counsel, dated March 11, 2015 (Docket Item 23), quoting Trial Tr. at 453).  Petitioner has

4

distorted the meaning of these sentences by taking them out of context.  The pertinent passage of the prosecution's summation reads:

> I would ask you one other question with respect to the defense argument that this was a man just trying to get a free ride and I ask you this, if the Defendant were trying to get a free ride, why wouldn't he give a destination?
>
> Why wouldn't he give a destination where he could jump out and just run?
>
> Why continue to keep driving all over the city with[out] destination?
>
> I submit to you the only reason why was so he could find either the time or opportunity or location where he could commit this robbery.
>
> Now you may be wondering whether this was a crime of opportunity or something that the Defendant planned to do when he got in the cab.
>
> It doesn't matter, but I submit to you that petitioner did a little bit of both.
>
> It was either going to be a theft of service, which would be riding without paying the fare or a robbery from the beginning, either way it became a robbery.
>
> As Judge White will instruct you, I don't have to prove that the Defendant intended when he entered the cab to commit this robbery.  I just have to prove to you that the Defendant's conscious objective or purpose was to commit the crime at the time that he tried to commit the crime.
>
> It is of no consequence when the Defendant formed the intent. . . .

(Trial Tr. 452-53).  Read in context, the prosecution's comments

5

were addressing the issue of whether petitioner had to have the intent to commit a robbery when he entered the cab or whether the jury could convict if it found that petitioner formed the intent after entering the cab.  Fairly read, the passage does not suggest that an intent or attempt to evade the fare could constitute a robbery.

      Petitioner's second claim -- that the Trial Court improperly precluded him from introducing evidence of an exculpatory statement -- is equally problematic.  During the course of the robbery, the victim managed to close the bullet-proof partition between him and petitioner and drive the cab to a location where he knew police would be present.  Upon arriving at that location, a police officer approached petitioner and asked "What's going on?"  Petitioner responded "I only wanted a ride."  Petitioner was arrested immediately thereafter.  On direct examination, the prosecution did not elicit the content or substance of the conversation; it did not even elicit the fact that a conversation between the arresting officer and petitioner had occurred.  Petitioner was subsequently precluded from eliciting his own statement during cross-examination and re-cross-examination of the arresting officer.

On petitioner's direct appeal, the Appellate Division of the New York State Supreme Court found that this claim was unpreserved. People v. Mack, 92 A.D.3d 475, 476, 938 N.Y.S.2d 72, 73 (1st Dep't 2012), leave to appeal denied, 19 N.Y.3d 865, 970 N.E.2d 436, 947 N.Y.S.2d 413 (2012). Petitioner has still failed to show cause for and prejudice from his failure to preserve this claim or that he is actually innocent, and, therefore, his failure to preserve this claim will preclude it from serving as a basis for habeas relief.

Moreover, even if the claim were preserved, it appears to lack merit. When elicited by the defendant himself, a defendant's prior statement is hearsay. United States v. Kadir, 718 F.3d 115, 124 (2d Cir.), cert. denied, 134 S.Ct. 451 (2013) ("A defendant may not introduce his own prior out-of-court statements because they are "hearsay, and . . . not admissible."), quoting United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). Thus, even if it were appropriate to reach the merits of this claim, it appears to lack merit.

Petitioner's renewed motion for counsel appears to take issue with the Trial Court's pretrial finding that petitioner's statement to the arresting officer was voluntary and would be

7

admissible if offered by the prosecution.  However, because the prosecution never offered petitioner's statement, whether it was voluntarily made is immaterial.

Petitioner's final claim -- that the Trial Court instead of the jury made the findings of fact that permitted petitioner to be sentenced as a persistent violent felony offender -- also appears to lack merit.  Petitioner's renewed motion for counsel bases this claim on the following statement by the Trial Judge at petitioner's sentencing:  "The jurors found unequivocally that you are guilty, but having done that, now you have to face the consequences of that, and this robbery occurred on July 2, 2007, and you robbed a taxi driver" (Sentencing Tr. 16).  Petitioner appears to be claiming that, in violation of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Trial Judge found petitioner guilty of robbery when the jury had found him guilty of attempted robbery.

If petitioner is basing his Apprendi claim on the Trial Judge's comments at sentencing, it is unexhausted.  Petitioner's Apprendi claim on direct appeal asserted that the Due Process Clause was violated because his sentence was enhanced on the basis of a prior conviction and the fact of that prior conviction

was not found by the jury.[2]  The <u>Apprendi</u> claim petitioner appears to be asserting in his renewed request for the appointment of counsel is based on entirely different facts from the claim he asserted at on appeal.  The claim he asserts here -- that the Trial Judge made a factual finding at sentencing that petitioner had committed an actual robbery and not just an attempted robbery -- does not appear to ever have been raised on direct appeal.  If this is petitioner's <u>Apprendi</u>, it would have to be dismissed as unexhausted and procedurally barred.

---

[2]The pertinent passage of petitioner's brief on direct appeal provides:

> The court adjudicated Mr. Mack as a persistent violent felon at the sentencing hearing, conducted without a jury, in accordance with New York Criminal Procedure Law §§ 400.15(7)(a)m 400.16(2), increasing his maximum sentence beyond what would be legal for a first time conviction.  <u>See</u> N.Y. Penal Law § 70.02(3)(a)-(b) (McKinney 2009).  Because prior convictions are required to impose the enhanced sentence, the Due Pocess clauses of the Federal and State Constitutions and the right to a trial by jury require that a jury determine the issue of Mr. Mack's status as a persistent violent felony offender.  U.S. Const. amends. VI, XIV; N.Y. Const. art. I, §§ 2, 6; <u>see</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

(Brief for Defendant-Appellant, dated Dec. 6, 2010, at SR 44, submitted in this matter as part of State Court Records (Docket Item 7)).

Accordingly, for all the foregoing reasons, petitioner's renewed application for the appointment of counsel (Docket Item 23) is denied without prejudice to renewal.

Dated:  New York, New York
        October 14, 2015

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Anthony Mack
DIN 08-A-1143
Auburn Correctional Facility
P.O. Box 618
Auburn, New York  13021

Lisa E. Fleischmann, Esq.
Joanna Hershey, Esq.
Assistant Attorneys General
State of New York
120 Broadway
New York, New York  10271